UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES *ex rel.* WALTER
TOEBE CONSTRUCTION COMPANY,

      Plaintiff,                                Case Number 14-13398

v.                                                Honorable David M. Lawson

THE GUARANTEE COMPANY OF
NORTH AMERICA,

      Defendant.
_____/

## ORDER GRANTING REQUEST TO DETERMINE JURISDICTION

This matter is before the Court on the plaintiffs' request that the Court determine whether it has, and intends to exercise, subject matter jurisdiction over the sole claim that remains pending in the case after entry of the Court's recent opinion and order granting in part the defendant's motion to dismiss. The plaintiffs filed their complaint on September 3, 2014. In their complaint, the plaintiffs alleged that the Court had federal question jurisdiction over the claims brought under the Miller Act, 40 U.S.C. § 3133, and supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a). The parties agree that there is no basis for the Court's jurisdiction over the case other than as set forth in the complaint. On December 11, 2014, the Court entered its opinion dismissing all claims in the complaint except one state law claim for unjust enrichment. On January 20, 2015, the Court held a status conference in the matter. At the conference, the parties represented that none objected to the continued exercise of the Court's jurisdiction over the case. However, the defendant filed its request for a determination of jurisdiction in order to ensure that the parties would not face the prospect of investing significant time and money in subsequent litigation before this Court, only to be met with a later jurisdictional challenge and possible dismissal.

Section 1367 of Title 28 of the United States Code provides that: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[N]ormally jurisdiction depends upon the facts as they are at the time of filing [of the complaint]," *AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004), but "[a] district court generally has the discretion to retain . . . [any remaining state law] claims if it subsequently dismisses the claims within its original jurisdiction," *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). Even where all federal claims have been dismissed, the district court properly may retain state law claims in light of specific circumstances where, for instance, the Court "'[is] familiar with the facts of the case and already ha[s] invested significant time in the litigation.'" *Id.* at 952 (quoting *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211-12 (6th Cir. 2004)).

The Court has reviewed the pleadings and the submissions of the parties and now finds that it has subject matter jurisdiction over the plaintiffs' sole remaining claim for unjust enrichment,

because at the time the complaint was filed the Court had original jurisdiction over the Miller Act claims, and the remaining unjust enrichment claim arises out of the same operative facts and substantive legal dispute, making it "so related to [that claim] that [it forms] part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Moreover, the Court sees no good reason why it should exercise its discretion to dismiss the remaining state law claim without prejudice, rather than proceeding to a final resolution of the matter before this Court, especially where the parties have indicated that none object to the continued exercise of the Court's supplemental jurisdiction. The Court finds that the continued exercise of jurisdiction over the plaintiffs' state law unjust enrichment claim would serve the interests of judicial economy, convenience, and fairness, in particular because the Court is familiar with the facts of the case and has invested some time already in deciding the defendant's motion to dismiss and narrowing the issues presented.

Accordingly, it is **ORDERED** that the plaintiffs' request for a determination of jurisdiction [dkt. #21] is **GRANTED**.

It is further **DECLARED** that the Court has, and will continue to exercise, subject matter jurisdiction over the plaintiffs' sole remaining claim for unjust enrichment.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 26, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI